# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3715

_____

| | |
|---|---|
| Ana Rosa Ochoa, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the Board |
| | * of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * |
| of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: December 15, 2009
Filed: May 5, 2010

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Ana Rosa Ochoa petitions for review of an order of the Board of Immigration Appeals (BIA) entered on November 2, 2007, denying Ochoa's motion to reopen her removal proceedings based upon an alleged ineffective assistance of counsel. Because the BIA's order is precluded from our review, we dismiss the petition.

## I.    BACKGROUND

Ochoa is a native and citizen of Mexico who entered the United States on or about December 15, 1991. On July 26, 2004, the government initiated removal proceedings against Ochoa by filing a Notice to Appear, charging her with removability. Ochoa conceded removability but filed an application for cancellation of removal.

On January 9, 2006, the Immigration Judge (IJ) orally denied Ochoa's application for cancellation of removal. The BIA affirmed this denial on May 25, 2007. Both the IJ and the BIA determined that Ochoa had good moral character and continuous physical presence in the United States, two elements required for cancellation of removal, but based their denials upon the conclusion that Ochoa failed to show that her removal would result in exceptional and extremely unusual hardship to her qualifying relatives, namely her two United States citizen children.

During the January 9, 2006, hearing before the IJ, Ochoa stated that her son, Guillermo, age seven at the time, suffered from lead poisoning that resulted in learning difficulties. Following this testimony, Ochoa's counsel indicated to the IJ that the issue of Guillermo's poisoning was new to him and requested time to prepare corroborating documents and additional evidence in support of that claim. The IJ asked Ochoa directly why she had not earlier mentioned Guillermo's condition to her attorney and she responded, "I didn't think it was necessary." The IJ declined counsel's request and proceeded to render its oral decision.

Specifically as to the issue of whether Ochoa's removal would create an exceptional and extremely unusual hardship to her two children who are United States citizens, the IJ held that Ochoa did not meet her burden under the requisite standard. In so holding, the IJ relied in part upon Ochoa's failure to submit any corroborating evidence regarding her assertions about Guillermo's needs and disabilities due to his

lead poisoning. Guillermo's condition was not new (her son was diagnosed at the age of two) and there was no evidence regarding economic, political or social conditions in Mexico to augment Ochoa's claim.

The BIA affirmed this ruling, determining that any alleged level of hardship claimed by Ochoa falls short of the exceptional and extremely unusual hardship standard. Ochoa again argued to the BIA that the IJ should have continued her case to permit the submission of evidence concerning the effects of lead exposure on Guillermo, but the BIA reiterated the IJ's conclusion that Ochoa had been given ample time to present such evidence and failed to do so. The BIA especially noted that Ochoa had even failed to present any such evidence before the BIA on appeal. Ochoa did not appeal this May 25, 2007, order of the BIA.

Ochoa did, however, obtain new counsel and sought to reopen her case on July 23, 2007, pursuant to 8 C.F.R. § 1003.2(a) based upon the ineffectiveness of her prior counsel. Ochoa followed the edicts of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988)[1] and included (1) evidence of a bar complaint she filed against her prior

---

[1]We initially held Ochoa's case in abeyance until the BIA ruled on a remand from Rafiyev v. Mukasey, 536 F.3d 853, 861 (8th Cir. 2008), which held "there is no constitutional right under the Fifth Amendment to effective assistance of counsel in a removal proceeding," and remanded to the BIA to determine whether there is a *non-constitutional* right to effective assistance of counsel and whether the BIA would assert independent administrative authority to grant relief for ineffective assistance of counsel. The BIA issued its ruling in Rafiyev and noted the Attorney General's then-recent opinion in Matter of Compean, 24 I&N Dec. 710 (A.G. 2009), which overruled the substantive standards of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), established a new substantive and procedural framework for reviewing all such claims, and stated that aliens have no constitutional right to effective assistance of counsel. Matter of Compean, 24 I&N Dec. at 713-14. In that light, the BIA in Rafiyev determined that Rafiyev failed to comply with the procedural requirements of Matter of Lozada (the procedural framework in play at the time of Rafiyev's motion) and thus held that reopening based on ineffective assistance of counsel was

-3-

counsel; (2) an affidavit stating the manner in which her prior counsel handled her case; and (3) evidence of her eligibility for cancellation, including general information about the effects of lead poisoning and documentary evidence of Guillermo's diagnosis and treatment, his resulting learning disabilities and the educational disadvantages of special education students in Mexico.

On November 2, 2007, the BIA denied Ochoa's motion to reopen, reiterating Ochoa's own expressed prior belief that the lead poisoning issue was not necessary to her case and noting that the submitted documents indicated that Guillermo's lead levels had diminished and at one point were in the normal range. Specifically discussing the "new evidence" submitted by Ochoa, the Board held that even though it was "troubled by evidence indicating that the child suffers from educational problems stemming from her 9-year-old child's lead poisoning at the age of two, the respondent has failed to demonstrate this evidence was unavailable or could not have been discovered or presented at her former hearing."

---

not warranted. However, the Board reopened Rafiyev *sua sponte* on a separate matter. Accordingly, even though the Board in Rafiyev did not reach the direct question of whether the BIA may assert an independent administrative authority to grant relief for ineffective assistance of counsel, the Attorney General made that finding in Matter of Compean. 24 I&N Dec. at 714 ("In extraordinary cases, where a lawyer's deficient performance likely changed the outcome of an alien's removal proceedings, the Board may reopen those proceedings notwithstanding the absence of a constitutional right to such relief."). Yet the discussion did not end there. The Attorney General revisited the matter yet again, vacated Matter of Compean in its entirety, including the pronouncement that there is no constitutional right to effective assistance of counsel in removal proceedings, and reestablished Matter of Lozada as the standard to apply in these ineffective assistance of counsel claims until further rulemaking is completed. Matter of Compean, 25 I&N Dec. 1 (A.G. 2009). Today, then, we have come full-circle, and apply the very same standard as was in place at the time the BIA issued its November 2, 2007, order in this matter, using Matter of Lozada as our substantive and procedural compass in these claims and recognizing that, at least in the interim, the Board does have the discretion to reopen removal proceedings in the face of claims of ineffective assistance of counsel. Matter of Compean, 25 I&N Dec. at 3.

Ochoa petitions for review of the BIA's November 2, 2007, order.[2]

## II.  DISCUSSION

Before reaching the merits of this case, we find ourselves halted by precedent. Noted above, Ochoa filed her motion to reopen with the BIA "pursuant to 8 C.F.R. 1003.2(a)" and requested that the BIA reopen "on their own motion." The Board, however, may have treated Ochoa's motion under the rubric of 8 C.F.R. § 1003.2(c), which contemplates motions to reopen on the basis of new, material and previously unavailable evidence. This is possible because first the BIA noted that Ochoa's motion is "timely," a determination pertinent under § 1003.2(c). And, the BIA used Matter of Coelho, 20 I&N Dec. 464 (BIA 1992), as its governing legal standard in evaluating Ochoa's evidence. Matter of Coelho is a case that, in part, discusses the heavy burden laid upon a movant when proffering new evidence in a motion to reopen and did not involve the exercise of the Board's *sua sponte* authority. Id. at 473. While the Board's treatment of the motion is unclear, and the stated basis for Ochoa's motion is a seemingly technical difference on the surface, the basis is indeed most critical, for it stops us in our tracks today.

---

[2]Although Ochoa's petition is expressly limited to a request to review the BIA's November 2, 2007, order, she additionally seeks review of the BIA's May 25, 2007, order affirming the IJ's January 9, 2006, denial of her application for cancellation of removal. We lack jurisdiction to review the BIA's May 25, 2007, order. "We lack jurisdiction to review [a denial of a cancellation of removal for a failure to prove an exceptional and extremely unusual hardship to an American-citizen child] because it 'is precisely the discretionary determination that Congress shielded from our review.'" Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (quoting Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam)); see 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review any judgment regarding the granting of relief under section … 1229(b) . . . .").

In Tamenut v. Mukasey, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc),[3] we held that "the BIA's decision whether to reopen proceedings on its own motion under 8 C.F.R. § 1003.2(a) is committed to agency discretion by law" and is thus unreviewable by an appellate court. In Tamenut, after making this determination we concluded that we "lack[ed] jurisdiction" over Tamenut's challenge to the BIA and we dismissed the petition accordingly. 521 F.3d at 1005. More precisely, the dismissal in Tamenut, while the proper disposition, was due to our inability to review an agency action "committed to agency discretion by law" under § 701(a)(2) of the Administrative Procedure Act (APA), not because we lacked jurisdiction. Id. at 1003.

The APA is not an independent jurisdictional provision. Califano v. Sanders, 430 U.S. 99, 105-06 (1977). The APA is a procedural statute that provides no substantive requirements but merely provides the framework for judicial review of agency action. Preferred Risk Mut. Ins. Co. v. United States, 86 F.3d 789, 792 (8th Cir. 1996). The Supreme Court's recent proscription against "drive-by jurisdictional rulings" compels us to make this distinction in the interest of facilitating the clarity sought by the Court. Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1244 (2010) (quotation omitted); see also Oryszak v. Sullivan, 576 F.3d 522, 524-25 (D.C. Cir. 2009) (explaining that a federal court has jurisdiction under 28 U.S.C. § 1331 to hear a claim under the APA, but because the APA does not apply to agency action committed to agency discretion by law, a plaintiff who challenges such an action cannot state a claim under the APA and the court will properly grant a motion to dismiss the complaint for failure to state a claim). When a plaintiff complains about an action that is committed to agency discretion by law, it does not mean that a court lacks subject matter jurisdiction over the claim. Instead, it means that there is no law to apply because the court has no meaningful standard against which to judge the

---

[3]This opinion was left intact by Kucana v. Holder, 130 S. Ct. 827 (2010), which "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*." Id. at 839 n.18.

agency's unfettered exercise of discretion.  Heckler v. Chaney, 470 U.S. 821, 830 (1985); Oryszak, 576 F.3d at 526.

Under these circumstances, we see no way around Tamenut's proscription given Ochoa's express reliance on § 1003.2(a) throughout her filings and argument.  Even if the BIA addressed the merits of Ochoa's claim under a § 1003.2(c) analysis, it does not circumvent the posture of the motion and the petition now before us.[4]

Accordingly, we are unable to review the BIA's determination on appeal and we dismiss the petition for review.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

The parties agree that this court should review the decision of the Board of Immigration Appeals ("BIA") denying Ana Rosa Ochoa's motion to reopen her removal proceedings.  I disagree with the court's contrary conclusion, and I further conclude that the BIA abused its discretion in denying the motion. Therefore, I would remand the case for further proceedings.[5]

---

[4]One could possibly argue that by treating Ochoa's motion as one filed under § 1003.2(c), if indeed it did, the Board necessarily provided us a plausible meaningful standard we would normally find lacking in the *sua sponte* context.  Yet, even were we to circumvent the wall we find firmly erected by Tamenut and review the BIA's November 2, 2007, order, we would dismiss nonetheless.  The BIA acted within its discretion in determining that Ochoa failed to meet her "heavy burden" and in denying her motion to reopen.  Matter of Coelho, 20 I&N Dec. at 473; Matter of Lozada, 19 I&N Dec. at 638-39.

[5]I agree with the court that we lack jurisdiction to review the BIA's separate order of May 25, 2007.  *Ante*, at 5 n.2.

An alien may file one motion to reopen removal proceedings as of right, as long as the motion is filed within ninety days after the date on which the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). We review the BIA's decision on such a motion under a deferential abuse-of-discretion standard. *Kucana v. Holder*, 130 S. Ct. 827, 834 (2010). The governing regulations also provide that the BIA "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). The decision whether to exercise this *sua sponte* reopening authority is committed to agency discretion by law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). *Tamenut v. Mukasey*, 521 F.3d 1000, 1005 (8th Cir. 2008) (en banc) (per curiam).

After the BIA affirmed the decision of an immigration judge denying Ochoa's request for cancellation of removal, Ochoa filed a motion to reopen alleging ineffective assistance of former counsel. She filed the motion within ninety days of the BIA's final administrative decision, in accordance with 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). The BIA denied the motion, and Ochoa filed a timely petition for review. *See* 8 U.S.C. § 1252(b)(1). This court thus has jurisdiction to review the BIA's denial of Ochoa's motion to reopen. *See* 8 U.S.C. § 1252(a)(1); *Tamenut*, 521 F.3d at 1003.

The court reasons that the decision is unreviewable because Ochoa's pleading before the BIA stated that she moved to reopen "pursuant to 8 C.F.R. [§] 1003.2(a)," and "requested that the BIA reopen 'on their own motion.'" *Ante*, at 5. The court evidently concludes that the agency's only action in response to Ochoa's motion was a refusal to reopen the case on its own motion, and that this decision is committed to agency discretion under *Tamenut*. There are several difficulties with this conclusion.

Ochoa's reference to 8 C.F.R. § 1003.2(a) does not by itself imply a request for the BIA to exercise its authority to reopen *sua sponte*. As the heading of § 1003.2(a)

indicates, the subsection sets forth "[g]eneral" provisions about the filing of motions to reopen, including motions as of right by a party under 8 U.S.C. § 1229a(c)(7) and 8 C.F.R. § 1003.2(c).  The regulation does not speak only to action on the BIA's own motion.  For example, § 1003.2(a) provides that "[a] request to reopen or reconsider any case in which a decision has been made by the Board, *which request is made by the Service, or by the party affected by the decision*, must be in the form of a written motion to the Board."  8 C.F.R. § 1003.2(a) (emphasis added).

It is also not clear from the text of Ochoa's motion that she sought reopening on the BIA's own motion.  The sentence in the motion to which the court refers is grammatically incoherent: "Respondent requests that the Board of Immigration Appeals (BIA) this case on their own motion to Reopen."  The plural pronoun "their" does not parallel either Ochoa or the BIA, both of which are singular. But even assuming that Ochoa did ask the BIA to reopen on its own motion, her motion did not state that she relied *exclusively* on this purely discretionary form of relief.  An alien may follow a belt-and-suspenders approach, asking the BIA to reopen on the alien's timely motion and on the BIA's own motion.

Most important, we review the BIA's decision, not Ochoa's motion.  The BIA was free to construe Ochoa's filing as a motion by a party under 8 U.S.C. § 1229a(c)(7), and it is clear that the agency did so.  The BIA concluded that Ochoa had "filed a *timely* motion to reopen," A.R. 2 (emphasis added), a conclusion that is relevant only to a motion by a party, as there is no time limit on the BIA's authority to reopen on its own motion. The BIA then analyzed Ochoa's motion according to the legal standard established in *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992). *Coelho* applied the standards of *INS v. Doherty*, 502 U.S. 314 (1992), a decision that concerned a motion to reopen by a party and established that a denial of such a motion is subject to judicial review for abuse of discretion.  *Id*. at 323.  There is not even a hint in the BIA's decision on Ochoa's motion that it considered whether to exercise

-9-

its "limited discretionary powers" to reopen cases on its own motion. *See In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997).

The Attorney General recognizes that the agency's decision on the motion to reopen is judicially reviewable. The respondent's brief concedes that we should review the BIA's decision denying Ochoa's motion for abuse of discretion. I agree with this submission, and conclude that this court should review the BIA's denial.

As noted, we review the BIA's denial of a motion to reopen for abuse of discretion. Motions to reopen are disfavored, because they undermine the government's legitimate interest in finality, and the Attorney General's discretion in ruling on the motions is broad. *Doherty*, 502 U.S. at 323; *Alemu v. Mukasey*, 509 F.3d 907, 909 (8th Cir. 2007). Nonetheless, we will reverse if the BIA fails to give a rational and reasoned explanation for its decision. *Alemu*, 509 F.3d at 909; *Perwolf v. INS*, 783 F.2d 112, 113 (8th Cir. 1985). The BIA's cursory decision on Ochoa's motion cannot withstand even this deferential review.

Ochoa's motion urged the BIA to reopen her removal proceedings, under the rule established by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), because her former counsel was ineffective in pursuing her application for cancellation of removal. Specifically, Ochoa observed that a successful application for cancellation must demonstrate that removal would "result in exceptional and extremely unusual hardship" to a spouse, parent, or child who is a citizen of the United States or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D). Her motion argued that she could have made this showing with respect to her nine-year-old son, who is a United States citizen. But she complained that former counsel failed to obtain evidence about the hardship that removal would cause, and failed to include such evidence in Ochoa's administrative submissions. The motion to reopen recounted that Ochoa's son suffered lead poisoning from birth through the age of three, that he is a special education student who is functioning below his grade level, and that Mexico "does not

give every child with educational disabilities the services required," while such services are "mandatory" in the United States.

The BIA, while acknowledging that Ochoa satisfied the procedural requirements of *Lozada*, answered her argument in two sentences. First, the BIA cited Ochoa's admission that she did not previously think the lead poisoning issue was necessary to her case, and that she did not say anything to her attorney about it during the removal proceedings. This conclusion, however, is not responsive to Ochoa's argument that counsel had a professional obligation *to inquire* about matters that would assist in making a case for cancellation of removal, and that counsel should have *elicited* the information about lead poisoning from Ochoa. The BIA may or may not believe that counsel had such an obligation, but we do not know, because the BIA never addressed the point.

Second, the BIA observed that the son's lead levels had diminished, and that his levels were in the normal range at the time of the last reading in 2002. But Ochoa's contention is not that her son currently suffers from excessive lead levels. Her claim is that he suffered lead poisoning in his early years, and that this poisoning resulted in educational disabilities that are still present. The BIA never addressed whether it believed that differences between special education services available in Mexico and in the United States would amount to "exceptional and extremely unusual hardship" for Ochoa's son if his mother were removed to Mexico. Thus, we have no decision from the BIA on whether the alleged ineffective assistance of counsel caused actual prejudice in the removal proceedings.

Because the BIA failed to render a reasoned decision on Ochoa's motion to reopen, I would remand the case for further proceedings with respect to Ochoa's claim of ineffective assistance of counsel. As there is no constitutional right to effective counsel in removal proceedings, a finding by the BIA that Ochoa established a claim under the standards set forth in *Matter of Lozada* would require the BIA also to

address whether it recognizes a purely administrative right to effective counsel in removal proceedings. *See Rafiyev v. Mukasey*, 536 F.3d 853, 861 (8th Cir. 2008).

_____