Gashi v. Holder

BIA
A 079 318 346

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

MUSTAFE GASHI,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

09-4290-ag
NAC

_____

FOR PETITIONER: Glenn L. Formica, New Haven, Connecticut.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Jennifer J. Keeney, Senior Litigation Counsel; Jessica R.C. Malloy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Mustafe Gashi, a native and citizen of the former Yugoslavia, seeks review of a September 16, 2009, order of the BIA denying his motion to reopen. *In re Mustafe Gashi,* No. A 079 318 346 (B.I.A. Sept. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Gashi's motion, which was indisputably untimely, sought reopening to apply for adjustment of status. However, eligibility for adjustment of status is not an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Thus, to the extent Gashi sought reopening to pursue such relief, he was necessarily invoking the BIA's authority to reopen his proceedings *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466,

469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, her motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority"); 8 C.F.R. § 1003.2(a). The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). However, in *Mahmood v. Holder*, we found that "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469; *see also Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008) (drawing the distinction between discretionary and eligibility determinations and finding that as a statutory matter we have jurisdiction to review the latter but not the former). There is no indication in this case that the BIA misperceived the law in declining to reopen Gashi's proceedings. To the contrary, the BIA properly denied Gashi's untimely motion as a matter of discretion because it found that he failed to establish exceptional circumstances that would warrant reopening. *See Ali*, 448 F.3d at 517.

Furthermore, contrary to Gashi's argument, the Supreme Court, in *Kucana v. Holder*, 130 S. Ct. 827 (2010), "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*," noting that "Courts of Appeals have held that such decisions are unreviewable because *sua sponte* reopening is committed to agency discretion by law." *See id.* at 839 n.18. Therefore, because the Supreme Court expressly declined to reach the issue, *Ali* remains good law, and we thus lack jurisdiction to consider the BIA's discretionary denial of Gashi's untimely motion to reopen. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk