NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0044n.06

No. 09–4393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 18, 2011**
LEONARD GREEN, Clerk

SANDRA LIZETH QUEZADA-ANDINO,
NINFA HILDA PEREZ-QUEZADA,
MAYRA LIZETH PEREZ QUEZADA, and
CRISTOPHER ALEXANDER PEREZ-QUEZADA,
    *Petitioners,*

            v.

ERIC H. HOLDER, JR., Attorney General,
    *Respondent.*

On Petition for Review from the
Board of Immigration Appeals

_____

Before: KENNEDY, CLAY, and KETHLEDGE, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.** In this immigration case, Petitioner Sandra Lizeth Quezada-Andino and her three children, Petitioners Ninfa Hilda Perez-Quezada, Mayra Lizeth Perez-Quezada, and Cristopher Alexander Perez-Quezada, seek review of a denial of an untimely motion to reopen their removal proceedings. Petitioners' arguments before this Court solely address whether the Board of Immigration Appeals (the "BIA") abused its discretion by declining to reopen their removal proceedings *sua sponte*, as they concede that they do not qualify for any other statutory or regulatory exceptions to the time limits applicable to motions to reopen. Because we lack jurisdiction to review a refusal by the BIA to exercise its *sua sponte* authority, we **DENY** the petition for review.

Petitioners are natives of Honduras. They illegally entered the United States in December 2003, and the Department of Homeland Security instituted removal proceedings on December 20,

2003. On April 20, 2005, an immigration judge ordered Petitioners removed to Honduras, and the BIA affirmed without opinion on June 30, 2006. Petitioners did not seek review in this Court, though they continued to live in the United States.

On September 8, 2009, Petitioners filed with the BIA the motion to reopen that is the subject of this petition for review. In their motion, Petitioners requested that the BIA exercise its *sua sponte* authority to reopen their removal proceedings so they might pursue applications for adjustment of status to lawful permanent residents; this request was based on an I-130 petition for an alien resident visa filed on their behalf in November 1997, which made them eligible for a change in status as of the State Department's August 2009 Visa Bulletin. On October 21, 2009, the BIA denied Petitioners' motion in a brief order, which stated that the motion had "been filed out of time" and did "not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen." The BIA also determined that the Petitioners had "not demonstrated an exceptional situation that would warrant the exercise of our discretionary authority to reopen their proceedings *sua sponte*."

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). The time limit for filing a motion to reopen is "crystal clear," *Randhawa v. Gonzales*, 474 F.3d 918, 920 (6th Cir. 2007), and subject to only four narrow exceptions:

> (1) where the BIA reopens the proceedings *sua sponte*; (2) where the parties agree to reopen the proceedings; (3) changed circumstances in the country of nationality of which there is new, material evidence that could not have been discovered or presented at the time of the original proceeding; and (4) certain *in absentia* decisions.

2

*Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Qeraxhiu v. Gonzales*, 206 F. App'x 476, 480 (6th Cir. 2006)).

Petitioners filed their motion to reopen on September 8, 2009, more than three years after the June 30, 2006 order of removal and well outside of the 90-day time limit. Petitioners do not contest that their motion to reopen was untimely and could be entertained only pursuant to the BIA's discretion to reopen proceedings *sua sponte*.[1] Instead, Petitioners' arguments before this Court—that the BIA failed to consider their recently-acquired eligibility for an adjustment of status; that the BIA failed to articulate a rational basis for rejecting their motion; and that the BIA erroneously characterized their motion as an attempt to cure filing defects or circumvent regulations—amount to assertions that the BIA abused its discretion by declining to reopen their removal proceedings *sua sponte*.

We have previously held that "[t]he decision whether to invoke *sua sponte* authority is committed to the unfettered discretion of the BIA" and is not subject to judicial review. *Harchenko v. INS*, 379 F.3d 405, 410–11 (6th Cir. 2004) (citing 8 C.F.R. § 1003.2 and *Luis v. INS*, 196 F.3d 36, 40 (1st Cir. 1999)). "Therefore, irrespective of whether [the BIA's] decision was proper, Sixth Circuit law is clear that the BIA's determination to forgo the exercise of its *sua sponte* authority is a decision that we are without jurisdiction to review." *Barry*, 524 F.3d at 724.

---

[1](*See* Pet'r's Br. 4 ("Petitioners concede that the Motion to Reopen was filed outside the 90 day limitation period which is generally applicable to Motions to Reopen. Nevertheless, . . . . [t]he BIA may, at its discretion, reopen any case in which it has rendered a decision. . . . The central issue in this case is whether the BIA improperly refused to exercise its discretion to reopen the proceedings against Petitioners."); Admin. R. at 17 ("This Motion to Reopen is being filed beyond the 90-day time limit for filing a motion to reopen; therefore, Respondents are requesting that this Court exercise its *sua sponte* authority to reopen these proceedings due to exceptional circumstances . . . .").)

3

The Supreme Court's rationale in *Kucana v. Holder*, 130 S. Ct. 827 (2010)—which held that the jurisdiction-stripping provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252(a)(2)(B)(ii), does not insulate from federal-court review those decisions committed to the Attorney General's discretion by regulation— "casts considerable doubt on" our decisions in *Harcenko* and *Barry*. *Gor v. Holder*, 607 F.3d 180, 182 (6th Cir. 2010), *reh'g and reh'g en banc denied*, (6th Cir. Oct. 5, 2010). Nevertheless, this Court has already determined that these precedents survive *Kucana* and, absent their overruling by the *en banc* court, remain binding in the circuit. *Id.* at 188; *accord Ozeiry v. Att'y Gen. of the United States*, No. 09–3828, 2010 WL 3920522, at *2 (3d Cir. Oct. 7, 2010) (unpublished decision); *Gashi v. Holder*, 382 F. App'x 21, 23 (2d Cir. 2010) (unpublished decision); *Ochoa v. Holder*, 604 F.3d 546, 549–50 & n.3 (8th Cir. 2010). *But see Munoz de Real v. Holder*, 595 F.3d 747, 749–50 (7th Cir. 2010) (assuming, in a post-*Kucana* decision, that the court had authority to review an immigration judge's refusal to exercise her discretion to reopen a removal proceeding *sua sponte*). Thus, we lack jurisdiction to review Petitioners' claims.

For the foregoing reasons, we **DENY** the petition for review.