[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11911
Non-Argument Calendar
_____

Agency No. A088-899-126

MIGUEL VELASQUEZ-AGUILAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 7, 2018)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Miguel Velasquez-Aguilar petitions for review of the Board of Immigration

Appeals' (BIA) order denying his motion to sua sponte reopen its prior order

declining to reinstate the Immigration Judge's (IJ) grant of voluntary departure under 8 U.S.C. § 1229c(a)(1).  Velasquez-Aguilar argues that the BIA abused its discretion in refusing to grant his motion because it failed to sufficiently articulate its reasoning.  Because we lack jurisdiction, Velasquez-Aguilar's petition for review is dismissed.

We review our own subject matter jurisdiction de novo.  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).  The BIA "may at any time reopen . . . on its own motion any case in which it has rendered a decision," but the decision to reopen "is within the discretion" of the BIA, "even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).  We lack jurisdiction to review the BIA's denial of a motion to reopen pursuant to its sua sponte authority.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).  This decision is fully committed to the discretion of the BIA by law.  *Id.* at 1293–94.  And without a meaningful statutory standard against which we could judge the BIA's exercise of that discretion, we lack jurisdiction to review it.  *Id.*; *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S. Ct. 1649, 1655 (1985) ("[R]eview is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.").[1]

---

[1] Velasquez-Aguilar argues that we have jurisdiction because the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. 233 (2010), abrogates our reasoning in *Lenis*.  We disagree.  First, The Supreme Court's decision in *Kucana* considered only § 1252(a)(2)(B)'s statutory

2

Although we recognized in *Lenis* the possibility that we might retain jurisdiction to review constitutional claims directed at the BIA's exercise of its sua sponte reopening power, Velasquez-Aguilar has not raised any constitutional claims. *See Lenis*, 525 F.3d at 1294 n.7 ("We note, in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power."). We lack jurisdiction to review Velasquez-Aguilar's claims related to the BIA's denial of his motion to reopen sua sponte. Accordingly, his petition for review is dismissed.

**PETITION DISMISSED.**

---

jurisdictional bar on denials of discretionary relief, and expressly took no opinion on *sua sponte* reopening. *Kucana*, 558 U.S. at 251 n.18. Second, our decision in *Lenis* is not undercut by *Kucana* because, as we held in *Lenis*, no meaningful standard exists for courts to conduct a review of the BIA's sua sponte decisions to reopen. That the standardless discretion to sua sponte reopen removal proceedings is found in a regulation and not a statute does not change our analysis. *Accord Neves v. Holder*, 613 F.3d 30, 35 (1st Cir. 2010); *Luna v. Holder*, 637 F.3d 85, 96 (2d Cir. 2011); *Pllumi v. U.S. Att'y Gen.*, 642 F.3d 155, 159 n.6 (3d Cir. 2011); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206–07 (5th Cir. 2017); *Rais v. Holder*, 768 F.3d 453, 463–64 (6th Cir. 2014); *Anaya-Aguilar v. Holder*, 683 F.3d 369, 372–73 (7th Cir. 2012); *Ochoa v. Holder*, 604 F.3d 546, 559 n.3 (8th Cir. 2010); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011).