ESCAMBIA COUNTY, FLORIDA, ET AL. *v.* McMILLAN
ET AL.

No. 82–1295.   Argued January 10, 1984—Decided March 27, 1984

*Charles S. Rhyne* argued the cause for appellants.   With
him on the briefs were *J. Lee Rankin, Thomas D. Silver-
stein, Thomas R. Santurri,* and *Paula G. Drummond.*

*Larry T. Menefee* argued the cause for appellees.   With
him on the briefs were *James U. Blacksher, Jack Greenberg,
Eric Schnapper,* and *Kent Spriggs.**

---

*Briefs of *amicus curiae* urging affirmance were filed for the American
Civil Liberties Union by *Laughlin McDonald, Neil Bradley, Christopher
Coates, Burt Neuborne,* and *E. Richard Larson;* and for the Lawyers'

PER CURIAM.

This appeal presents questions as to the appropriate standards of proof and appropriate remedy in suits that allege a violation of voting rights secured by the Fourteenth Amendment. We do not reach these questions, however, as it appears that the judgment under review may rest alternatively upon a statutory ground of decision.

I

Appellees, black voters of Escambia County, Fla., filed suit in the District Court, alleging that the at-large system for electing the five members of the Board of County Commissioners violated appellees' rights under the First, Thirteenth, Fourteenth, and Fifteenth Amendments, the Civil Rights Act of 1957, 71 Stat. 637, as amended, 42 U. S. C. § 1971(a)(1), and the Voting Rights Act of 1965, 79 Stat. 437, as amended, 42 U. S. C. § 1973.[1] Appellees contended that the at-large system operated to "dilute" their voting strength. See, e. g., Rogers v. Lodge, 458 U. S. 613, 616–617 (1982).

The District Court entered judgment for appellees. That court found that the at-large system used by the county discriminated against black voters and had been retained at least in part for discriminatory purposes. The court concluded that the system violated appellees' rights under the Fourteenth and Fifteenth Amendments and the Voting Rights Act. The District Court ordered that the five commissioners be elected from single-member districts.

The Court of Appeals affirmed the District Court's judgment, concluding that the at-large election system violated the Fourteenth Amendment and that the District Court's

Committee for Civil Rights Under Law by Fred N. Fishman, Robert H. Kapp, Norman Redlich, William L. Robinson, and Frank R. Parker.

[1] Defendants named in the suit were Escambia County, the Board of County Commissioners and its individual members, and the County Supervisor of Elections. Only former and present individual members of the Board are now before the Court as appellants. See n. 4, infra.

remedy was appropriate.[2]   688 F. 2d 960 (1982).   As the finding of a Fourteenth Amendment violation was adequate to support the District Court's judgment, the Court of Appeals did not review the District Court's conclusion that the at-large system also violated the Fifteenth Amendment and the Voting Rights Act.[3]   *Id.,* at 961, n. 2.

We noted probable jurisdiction, 460 U. S. 1080 (1983).[4]

---

[2] The Court of Appeals initially had reversed the District Court's judgment.   The Court of Appeals had found, under this Court's decision in *Mobile v. Bolden,* 446 U. S. 55 (1980), that claims of "vote dilution" were not cognizable under the Fifteenth Amendment or the Voting Rights Act and that the evidence of discriminatory intent was insufficient to demonstrate a violation of the Fourteenth Amendment.   638 F. 2d 1239 (1981). After this Court decided *Rogers v. Lodge,* 458 U. S. 613 (1982), the Court of Appeals granted appellees' petition for rehearing and reversed its judgment on Fourteenth Amendment grounds.   688 F. 2d 960 (1982).   The Court of Appeals concluded, in light of *Rogers,* that the District Court's findings as to the discriminatory effects and purposes of the at-large system were not "clearly erroneous."   688 F. 2d, at 969.

[3] The Court of Appeals vacated its first opinion, see n. 2, *supra,* that had considered questions under the Fifteenth Amendment and the Voting Rights Act.   688 F. 2d, at 961.   Reconsideration of these grounds for relief on the petition for rehearing would have further delayed decision of the case, because appellants had not had an opportunity to brief the questions raised by Congress' recent amendment of the Voting Rights Act, see *infra,* at 51.

[4] Appellees move to dismiss on the grounds that no proper appellants are before the Court.   The Board of County Commissioners itself has voted to dismiss the appeal.   Aside from the two present Commissioners who dissented from this vote, several former Commissioners, who lost their seats in the subsequent court-ordered election, remain before the Court.   Contrary to appellees' contention, the former Commissioners were not automatically dismissed as appellants when they left office, and the jurisdictional statement did not limit them to participation in the appeal in their "official capacity."   Juris. Statement 1.   Appellees have not suggested that the appeal is moot as to the issues of liability or that appellants have no live interest in the controversy.

Appellees do contend that the issue of appropriate remedy is moot, a contention that we need not reach in light of our disposition of the case. See n. 6, *infra.*   Nor need we reach appellees' contention that the case is

## II

This appeal presents the question whether the evidence of discriminatory intent in the record before the District Court was adequate to support the finding that the at-large system violated the Fourteenth Amendment. We decline to decide this question. As the Court of Appeals noted, the District Court's judgment rested alternatively upon the Voting Rights Act. See 688 F. 2d, at 961, n. 2; App. to Juris. Statement 101a. Moreover, the 1982 amendments to that Act, Pub. L. 97–205, § 3, 96 Stat. 134, 42 U. S. C. § 1973(b),[5] were not before the Court of Appeals. Affirmance on the statutory ground would moot the constitutional issues presented by the case. It is a well-established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case. See *Ashwander* v. *TVA*, 297 U. S. 288, 347 (1936) (Brandeis, J., concurring).

The parties have not briefed the statutory question, and, in any event, that question should be decided in the first in-

---

not a proper appeal, a contention that may involve difficult questions of Florida law, as we would in any event treat the jurisdictional statement as a petition for certiorari, grant that petition, and dispose of the case as we do today. See 28 U. S. C. § 2103; *El Paso* v. *Simmons*, 379 U. S. 497, 501–503 (1965).

[5] As amended, § 1973 provides in part:

"(a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen . . . to vote on account of race or color . . . .

"(b) A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. . . ."

stance by the Court of Appeals. We conclude, therefore, that the proper course is to vacate the judgment of the Court of Appeals, and remand the case to that court for consideration of the question whether the Voting Rights Act provides grounds for affirmance of the District Court's judgment.[6]

*It is so ordered.*

JUSTICE BLACKMUN, while joining the Court's *per curiam* opinion, would disallow costs in this case.

JUSTICE MARSHALL, dissenting.

Contrary to appellants' contention,[1] the Court of Appeals for the Fifth Circuit did not invalidate Art. VIII, § 1(e), of the Florida Constitution, which generally requires county commissioners to be elected at large. Rather, the Court of Appeals merely affirmed the District Court's finding that the Escambia County Commissioners refused to exercise certain powers with which they were invested by the State Constitution[2] in order to maintain, for racially discriminatory purposes, an at-large voting scheme that drastically diluted the political strength of Negro voters. See 688 F. 2d 960, 969 (1982). Because the Court of Appeals did not invalidate any state law, consideration of this case as an appeal under 28

---

[6] Because questions of liability remain to be considered, we need not reach the issue whether the District Court's remedial order was proper under *Wise* v. *Lipscomb*, 437 U. S. 535 (1978), and *McDaniel* v. *Sanchez*, 452 U. S. 130 (1981).

[1] See Juris. Statement 2–3.

[2] The Florida Constitution empowers a county to change its electoral scheme from at-large voting to selection on the basis of single-member districts. See Fla. Const., Art. VIII, § 1(c); Fla. Stat. §§ 125.60–125.64 (1983). Such a change must be ratified by the majority of voters within a county. The District Court found that the Escambia County Commission refused to permit the electorate to vote on proposals to establish a single-member district voting scheme because of the Commissioners' racially discriminatory intent to maintain a voting system that nullified the political potential of Negro voters. See App. to Juris. Statement 96a–98a.

U. S. C. § 1254(2) is clearly improper. See *Silkwood* v. *Kerr-McGee Corp.*, 464 U. S. 238, 247 (1984); *Perry Education Assn.* v. *Perry Local Educators' Assn.*, 460 U. S. 37, 42–43 (1983) (statutes authorizing appeals are to be strictly construed). Consequently, appellants' jurisdictional statement must be treated as a petition for certiorari. So treated, I believe that the petition should be denied. The holding below falls squarely within applicable constitutional standards and raises no issues warranting this Court's attention. In sum, I would hold that appellants cannot properly invoke this Court's appellate jurisdiction and that their jurisdictional statement, considered as a petition for certiorari, should be be dismissed as improvidently granted.

I respectfully dissent.