GINSBURG, Circuit Judge,
concurring in part:
I concur in the judgment and in the opinion for the court except with respect to the alternative holding in Part II.B.2 that the indictments constitute sufficient evidence that Thomas’s two drug offenses were committed on separate occasions. In reaching that issue, Judge Henderson* has disregarded the “well-established principle ... that normally the [cjourt will not decide a constitutional question if there is some other ground upon which to dispose of the case.” Nw. Austin Mun. Utility Dist. No. One v. Holder, No. 08-322, 2009 WL 1738645, at *9 (U.S. June 22, 2009) (quoting Escambia County v. McMillan, 466 U.S. 48, 51, 104 S.Ct. 1577, 80 L.Ed.2d 36 (1984) (per curiam)); see also In re Sealed Case, 829 F.2d 50, 55 (D.C.Cir. 1987). Having held the law of the case precluded the district court from reconsidering its determination that Thomas qualified for sentencing under the ACCA, the court need not — and therefore should not — resolve the constitutional question whether the Sixth Amendment bars a sentencing judge from making a factual finding — based solely upon the dates listed in the indictments — that the relevant offenses were committed on separate occasions.
The question whether the sentencing judge may rely solely upon an indictment to determine the date of a prior offense without running afoul of the Sixth Amendment or of the teaching of Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), is more difficult than the court lets on. Under the Sixth Amendment a judge may find only “the fact of a prior conviction,” Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); the defendant is entitled to a jury finding for any “fact about a prior conviction,” Shepard, 544 U.S. at 25, 125 S.Ct. 1254 (plurality opinion) (emphases added). Specifically in order to ensure that a sentencing judge *953 does not make a finding under the ACCA that infringes upon the defendant’s Sixth Amendment right to a jury, the Court in Shepard “adhere[d] to the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction ‘necessarily’ involved (and a pri- or plea necessarily admitted) facts equating to” that finding. Id. at 24, 125 S.Ct. 1254.
Shepard does provide that a judge asked to sentence a defendant under the ACCA may consult the charging documents from the defendant’s prior convictions, id. at 16, 125 S.Ct. 1254, but only in order to determine whether those convictions necessarily required a finding relevant to ACCA status — here, a finding with respect to the date of the offense. See United States v. De Jesus Ventura, 565 F.3d 870, 874-75 (D.C.Cir.2009) (describing Shepard inquiry as “looking] to the charging document ... to determine whether the defendant ‘necessarily admitted’” the ACCA-qualifying facts). In this case it is far from clear the indictments establish that Thomas’s convictions required a finding with respect to the date of each offense; as far as this record shows, neither Thomas’s plea to one offense nor the jury’s judgment of conviction on the other entailed a finding as to whether the offense occurred on the date charged. Today the court nonetheless unnecessarily concludes a conviction based upon an indictment that specifies the date on which — or, more accurately, “on or about” which — the charged offense took place “necessarily” establishes the date when the offense occurred, Ct. Op. at 951, even if the date was not material to the question of guilt and even if, so far as the record reveals, the defendant never admitted the dates of the offenses. The court’s inference that the date was “necessarily” established by the judgment would not pass muster even in a civil context. See United States v. Andrews, 479 F.3d 894, 901 (D.C.Cir.2007) (Williams, J., concurring) (analogizing the Shepard inquiry to issue preclusion and noting “a focus on preclusion ... helps clarify which facts may appropriately be drawn from the charging documents and jury instructions”).

 Because Judge Kavanaugh does not join the court's holding that the law of the case precluded the district court's new ACCA determination, only Judge Henderson reaches the constitutional question unnecessarily.