GINSBURG, Circuit Judge,
concurring:
We have held that actions based upon denial of security clearance do not merely fail to state a claim, but are beyond the reach of judicial review. See Bennett, 425 F.3d at 1001 (“Because the authority to issue a security clearance is a discretionary function of the Executive Branch and involves the complex area of foreign relations and national security, employment actions based on denial of security clearance are not subject to judicial review”); Ryan, 168 F.3d at 524 (holding “an adverse employment action based on denial or revocation of a security clearance is not actionable under Title VII”); Krc, 905 F.2d at 395.
That a plaintiff makes a claim that is not justiciable because committed to executive discretion does not mean the court lacks subject matter jurisdiction over his case, as the opinion of the court helps to clarify. Upon a proper motion, a court should dismiss the case for failure to state a claim. It follows, however, that a court must decline to adjudicate a nonjusticiable claim even if the defendant does not move to *527 dismiss it under FED. R. CIV. P. 12(b)(6). See Luftig v. McNamara, 373 F.2d 664, 665 (D.C.Cir.1967) (affirming district court’s sua sponte dismissal of complaint “on the ground that the relief sought represented a claim for judicial review of political questions”); Mahorner v. Bush, 224 F.Supp.2d 48, 53 (D.D.C.2002) (dismissing sua sponte claims that “present political questions not subject to judicial review”).
That the nonjusticiability of a claim may not be waived does not render justiciability a jurisdictional issue, and this court has been careful to distinguish between the two concepts. See, e.g., Joo v. Japan, 413 F.3d 45, 48 (2005) (“[W]e need not resolve the question of the district court’s subject-matter jurisdiction ... before considering whether the complaint presents a nonjusticiable political question”); Public Citizen v. U.S. Dist. Court, 486 F.3d 1342, 1347 (2007) (noting “a federal court may, in appropriate circumstances, dismiss a case on prudential grounds prior to establishing its jurisdiction” and applying the enrolled bill rule); In re Papandreou, 139 F.3d 247, 255 (D.C.Cir.1998) (“[Although subject-matter jurisdiction is special for many purposes ... a court [may instead] dismiss[ ] on other non-merits grounds such as forum non conveniens”); see also Tenet v. Doe, 544 U.S. 1, 6 n. 4, 125 S.Ct. 1230, 161 L.Ed.2d 82 (2005) (holding the Totten rule requiring dismissal on the ground of public policy, “like the abstention doctrine ... or the prudential standing doctrine, represents the sort of ‘threshold question’ we have recognized may be resolved before addressing jurisdiction”) (internal citation omitted).
That the court may in its discretion address a threshold question before establishing that it has jurisdiction does not render the question jurisdictional nor, significantly, does it mean the court must address that question at the outset of the case. Because justiciability is not jurisdictional, a court need not necessarily resolve it before addressing the merits. A court may, for example, dismiss a case for failure to state a claim while reserving the question whether that sort of claim presents a nonjusticiable political question. A court might thereby avoid a constitutional ruling regarding separation of powers and resolve the case upon a solely statutory basis. See generally Escambia County v. McMillan, 466 U.S. 48, 51, 104 S.Ct. 1577, 80 L.Ed.2d 36 (1984) (“It is a well-established principle governing the prudent exercise of this Court’s jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case”). For a court to retain this discretion it is important to distinguish among failure to state a claim, a claim that is not justiciable, and a claim over which the court lacks subject matter jurisdiction.
We have not always been consistent in maintaining these distinctions. See, e.g., Bancoult v. McNamara, 445 F.3d 427, 432 (D.C.Cir.2006) (treating the political question doctrine as jurisdictional). For that reason, I urge the en banc court to clarify the relationship of justiciability to jurisdiction when an appropriate case arises.