**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————

ROCKY MOUNTAIN CHRISTIAN
CHURCH,

      Plaintiff - Appellee,

and

UNITED STATES OF AMERICA,

      Intervenor-Plaintiff - Appellee,

v.

BOARD OF COUNTY
COMMISSIONERS OF BOULDER
COUNTY, COLORADO,

      Defendant - Appellant.

———————————————

COLORADO COUNTIES, INC.; THE
COLORADO MUNICIPAL LEAGUE;
THE NATIONAL LEAGUE OF CITIES,
INC.; THE INTERNATIONAL
MUNICIPAL LAWYERS
ASSOCIATION; AMERICAN
PLANNING ASSOCIATION;
COLORADO CHAPTER OF THE
AMERICAN PLANNING
ASSOCIATION; AMERICAN JEWISH
CONGRESS; NATIONAL COUNCIL
OF CHURCHES; QUEENS
FEDERATION OF CHURCHES;
GENERAL CONFERENCE OF
SEVENTH-DAY ADVENTISTS;

No. 09-1188

UNION OF ORTHODOX JEWISH CONGREGATIONS OF AMERICA; NATIONAL COMMITTEE FOR AMISH RELIGIOUS FREEDOM; ARCHDIOCESE OF DENVER; ARCHDIOCESE OF KANSAS CITY IN KANSAS; ARCHDIOCESE OF OKLAHOMA CITY; ASSOCIATION OF CHRISTIAN SCHOOLS INTERNATIONAL; CHERRY HILLS COMMUNITY CHURCH; CHRISTIAN & MISSIONARY ALLIANCE; COLORADO CHRISTIAN UNIVERSITY; DIOCESE OF COLORADO SPRINGS; EPISCOPAL DIOCESE OF COLORADO; EPISCOPAL DIOCESE OF WYOMING; EVANGELICAL CHRISTIAN CREDIT UNION; FIRST PRESBYTERIAN CHURCH OF COLORADO SPRINGS; GENERAL CONFERENCE OF THE CHURCH OF GOD (SEVENTH DAY); NEW LIFE CHURCH; O CENTRO ESPIRITA BENEFICENTE UNIAO DO VEGETAL; REGIS UNIVERSITY; VILLAGE SEVEN PRESBYTERIAN CHURCH,

     Amici Curiae.

**ORDER**

Before **KELLY**, **MURPHY** and **O'BRIEN**, Circuit Judges.

This matter is before the court on the appellant's *Petition For Limited Panel Rehearing*. We also have a response from the appellee. The request for rehearing is granted

in part.  We will amend the panel's original decision, and attach a copy of the new opinion to this order.  The petition is granted to the extent of the changes made at new pages 10 and 14.  The request is otherwise denied.  The Clerk is directed to issue the new decision forthwith.

Entered for the Court,

ELISABETH A. SHUMAKER
Clerk of Court

FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

ROCKY MOUNTAIN CHRISTIAN
CHURCH,

     Plaintiff - Appellee,

and

UNITED STATES OF AMERICA,

     Intervenor-Plaintiff - Appellee,

v.

BOARD OF COUNTY
COMMISSIONERS OF BOULDER
COUNTY, COLORADO,

     Defendant - Appellant.

--------------------------

COLORADO COUNTIES, INC.; THE
COLORADO MUNICIPAL LEAGUE;
THE NATIONAL LEAGUE OF CITIES,
INC.; THE INTERNATIONAL
MUNICIPAL  LAWYERS
ASSOCIATION; AMERICAN
PLANNING ASSOCIATION;
COLORADO CHAPTER OF THE
AMERICAN PLANNING
ASSOCIATION; AMERICAN JEWISH
CONGRESS; NATIONAL COUNCIL
OF CHURCHES; QUEENS
FEDERATION OF CHURCHES;
GENERAL CONFERENCE OF

(Opinion on Rehearing)
No. 09-1188

SEVENTH-DAY ADVENTISTS;
UNION OF ORTHODOX JEWISH
CONGREGATIONS OF AMERICA;
NATIONAL COMMITTEE FOR AMISH
RELIGIOUS FREEDOM;
ARCHDIOCESE OF DENVER;
ARCHDIOCESE OF KANSAS CITY IN
KANSAS; ARCHDIOCESE OF
OKLAHOMA CITY; ASSOCIATION
OF CHRISTIAN SCHOOLS
INTERNATIONAL; CHERRY HILLS
COMMUNITY CHURCH; CHRISTIAN
& MISSIONARY ALLIANCE;
COLORADO CHRISTIAN
UNIVERSITY; DIOCESE OF
COLORADO SPRINGS; EPISCOPAL
DIOCESE OF COLORADO;
EPISCOPAL DIOCESE OF WYOMING;
EVANGELICAL CHRISTIAN CREDIT
UNION; FIRST PRESBYTERIAN
CHURCH OF COLORADO SPRINGS;
GENERAL CONFERENCE OF THE
CHURCH OF GOD (SEVENTH DAY);
NEW LIFE CHURCH; O CENTRO
ESPIRITA BENEFICENTE UNIAO DO
VEGETAL; REGIS UNIVERSITY;
VILLAGE SEVEN PRESBYTERIAN
CHURCH,

      Amici Curiae.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 06-CV-00554-REB-BNB)**

---

David Hughes, Boulder County Attorney, Boulder, Colorado (Jean E. Dubofsky, Esq. of The
Dubofsky Law Firm, P.C., Boulder, Colorado; H. Bissell Carey, III, Esq., John R. Bauer,

Esq. and Dwight H. Merriam, Esq. of Robinson & Cole, L.L.P., Boston, Massachusetts, with him on the briefs), for Defendant - Appellant.

Kevin T. Baine of William & Connolly, LLP, Washington, D.C. (Eva Petko Esber and Curtis J. Mahoney of Williams & Connolly, LLP, Washington, D.C.; Eric Rassbach and Lori Windham of The Becket Fund for Religious Liberty, Washington, D.C.; J. Thomas Macdonald of Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Denver, Colorado, with him on the brief), for Plaintiff - Appellee.

Lowell Sturgill, Attorney, Appellate Staff, Civil Division of Department of Justice (Tony West, Assistant Attorney General, Troy A. Eid, United States Attorney, and Michael S. Raab, Attorney, Appellate Staff, Civil Division, Department of Justice, Washington, D.C., with him on the brief), for Intervenor-Appellee the United States of America.

Beth A. Dickhaus, Hall & Evans, L.L.C., Denver, Colorado, Geoffrey T. Wilson, Colorado Municipal League, Denver, Colorado, Devala A. Janaradan, International Municipal Lawyers Association, Bethesda, Maryland, and Lars Etzkorn, Center for Federal Relations National League of Cities, Washington, D.C., filed an Amicus Curiae brief for Colorado Counties, Inc., Colorado Municipal League, International Municipal Lawyers Association, and National League of Cities, in support of Defendant-Appellant.

Deborah M. Rosenthal and Brenna Moorhead, Sheppard, Mullin, Richter & Hampton LLP, San Francisco, California, filed an Amici Curiae brief for American Planning Association & the Colorado Chapter of the American Planning Association in support of Defendant-Appellant.

Robert L. Greene, Storzer & Greene, P.L.L.C., New York, New York, and Edward R. McNicholas, Patrick K. O'Keefe, and Richard H. Menard, Jr., Sidley & Austin, LLP, Washington, D.C., filed an Amici Curiae brief for American Jewish Congress, The National Council of Churches, the Queens Federation of Churches, the General Conference of Seventh-day Adventists, the Union of Orthodox Jewish Congregations of America and the National Committee for Amish Religious Freedom in support of Plaintiff-Appellee.

Eric V. Hall and L. Martin Nussbaum, Rothgerber Johnson & Lyons LLP, Colorado Springs, Colorado, filed an Amici Curiae brief for Archdiocese of Denver, Archdiocese of Kansas City in Kansas, Archdiocese of Oklahoma City, Association of Christian Schools International, Cherry Hills Community Church, Christian & Missionary Alliance, Colorado Christian University, Diocese of Colorado Springs, Episcopal Diocese of Colorado, Episcopal Diocese of Wyoming, Evangelical Christian Credit Union, First Presbyterian Church of Colorado Springs, General Conference of the Church of God (Seventh Day), New Life Church, O Centro Espirita Beneficente Uniao do Vegetal, Regis University, Village

Seven Presbyterian Church, in support of Plaintiff-Appellee.

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

**KELLY**, Circuit Judge.

The Board of County Commissioners of Boulder County ("the County"), Defendant-Appellant, appeals the district court's denial of judgment as a matter of law and entry of a permanent injunction following a jury verdict for Rocky Mountain Christian Church ("RMCC") on three counts of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. The jury found that the County's denial of RMCC's special use application violated RLUIPA's substantial burden, equal terms, and unreasonable limitations provisions. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

In 1978, Boulder County adopted its Comprehensive Plan, an advisory land use scheme with the goals of curbing urban sprawl, maintaining open space to preserve the county's rural character, and sustaining agriculture. Aplt. App. 4892-96, 5724, 5728-31. The County amended its Land Use Code ("the Code") in 1983 to implement the Comprehensive Plan. Id. at 4601-02, 6831. The Code divides the County into thirteen categories of zoning districts, including Agricultural Districts. Id. at 6837. RMCC is

- 4 -

located in an Agricultural District, where offices, warehouses, and retail stores are prohibited.  Id. at 6842-43.  In 1994, the County amended the Code to require all facilities in an Agricultural District with occupancy loads exceeding 100 people to apply for a special use permit.  Id. at 3917-18, 6844-45.  The special use process entails an application to the County's land use office, and public hearings and votes before both the Planning Commission and the County Commission.  Id. at 3407-08.  The County uses eleven criteria to evaluate special use applications, including objective criteria like height requirements and subjective criteria such as harmony with the character of the neighborhood and compatibility with the surrounding area, "accordance with the comprehensive plan," and not "an over-intensive use of land or excessive depletion of natural resources."  Id. at 3921-24, 6965.

RMCC is located in a rural, agricultural zone in Niwot, an unincorporated part of the County.  Id. at 3966-67.  In the general area are several "Planned Unit Development" subdivisions, a wastewater treatment facility, a high school, and the 500,000 square foot Boulder Technology Center.[1]  Id. at 4105-07.  Since its founding in 1984, RMCC has grown in stages to its current state as the County's largest church complex: a 106,000 square foot main building, a 2,600 square foot maintenance building, and 7,200 square feet of temporary modular units on 55 acres.  Id. at 3411, 4077.  RMCC's campus also

_____

[1]  The high school is not subject to the County's zoning authority and the Boulder Technology Center's industrial zoning district predates the Comprehensive Plan.  Aplt. Reply at 5.  Nonetheless, both structures contribute to the overall character of the area surrounding RMCC.

includes its 380-student K-8 school, the Rocky Mountain Christian Academy.  Id. at

3403.  Although RMCC was allowed to expand without any special use applications until

the 1994 amendments to the Land Use Code, after 1994 RMCC was a non-conforming

use.  Id. at 3409, 4060.  RMCC applied in 1997 for a special use permit to make the

existing structure conforming and to construct a 54,000 square foot school.  The County

Commission approved the application over the opposition of the County land use office.

Id. at 3409-10.  The County again approved RMCC's 2002 special use application against

the land use staff's recommendation, this time for an expansion of the student body by

120 students and the placement of temporary modular units on the campus.  Id. at 3410,

5648.  The County attached two conditions to its approval: that RMCC remove the

modular units after three years, and that RMCC submit a master plan outlining future

development.  Id. at 3410, 3677, 3944-54, 4166.  The County denies imposing the master

plan condition.  Id. at 3944-54; Aplt. Reply at 10 n.8.

The special use application at issue in this case, submitted in 2004, initially sought

approval for 150,200 additional square feet.  Aplt. App. 5680.  RMCC scaled that request

back by 20,000 square feet.  Id. at 3411.  The final application proposed a 28,000 square

foot gymnasium, a 6,500 square foot chapel, expanding the school building by 57,500

square feet, gallery space connecting the buildings, and an expansion of the main worship

building's seating capacity by 150 seats.  Id. at 6460.  The scale of RMCC's proposal was

based on an outside consultant's estimate of the church's needs over the next twenty

years.  Id. at 3691-93.

- 6 -

The 2004 special use application met opposition at each level of review. The County's land use staff found that the application met the objective requirements, but conflicted with the subjective goals of the Comprehensive Plan. Id. at 5677-78. In particular, the land use staff deemed the proposed expansion incompatible with the surrounding area, an over-intensive use of the land, likely to cause undue traffic congestion, and likely detrimental to the welfare of the residents of Boulder County. Id. at 5674-77. The staff report used an unusual method to find that the expansion would be an over-intensive use: typically, a proposed use is not over-intensive if less than 50% of the site's surface area would be covered by a structure or a parking lot, and in this case the expansion would only result in 35% coverage. Id. at 3976-78, 4109-12, 4186-87, 5674. Instead, the land use staff deemed the expansion an over-intensive use because it doubled the church's square footage and significantly increased the parking area. Id. at 5674. The Planning Commission voted against the application after a public hearing, at which one commissioner privately greeted RMCC's consultant by saying, "Rosi, you can bring in your Christians now." Id. at 4190, 5703. The public hearings and other public input, both before the Planning Commission and County Commission, confirm that the application was a divisive issue, and many of those opposed voiced concerns similar to those which both bodies found persuasive. Id. at 5406-5577. The County Commission issued the final partial denial, denying the application except for the capacity increase of 150 seats and the 10,000 square foot building to replace the modular units. Id. at 5706-15.

Procedural History

After the denial, the County sought a declaratory judgment that it had not violated RLUIPA. The district court dismissed the action for lack of subject matter jurisdiction. Bd. of County Comm'rs of Boulder County v. Rocky Mountain Christian Church, 481 F. Supp. 2d 1181, 1190 (D. Colo. 2007). At the same time, RMCC sued the County under RLUIPA. At the close of RMCC's evidence at trial, the County moved for judgment as a matter of law under Rule 50(a). Aplt. App. 2992-3014. The district court deferred the County's motion with regard to the County's affirmative defenses, and denied the rest. Id. at 4980-89. After a twelve-day trial, the jury found for RMCC on the substantial burden, equal terms, and unreasonable limitations claims, but found for the County on the nondiscrimination claim arising under RLUIPA. Id. at 3107-08. The jury did not award RMCC any damages. Id. at 3112-13. Nonetheless, the district court entered a permanent injunction requiring the County to approve RMCC's special use application. Id. at 3329-38. The district court denied the County's renewed motion for judgment as a matter of law. Id. at 3286-3328. The County appeals.


Discussion

The County argues that evidence at trial was insufficient to show that it violated the substantial burden, equal terms, and unreasonable limitations provisions of RLUIPA. If we find that sufficient evidence existed for the jury's substantial burden verdict, the County argues that the substantial burden provision of RLUIPA is unconstitutional

facially and as applied to this case. Finally, the County challenges the court's entry of a permanent injunction requiring it to grant RMCC its special use permit. Aplt. Br. at 16-17.

I.    Sufficiency of the Evidence

This court "reviews de novo the district court's denial of a motion for judgment as a matter of law." Cummings v. Gen. Motors Corp., 365 F.3d 944, 949 (10th Cir. 2004) (internal citation omitted). "To overturn a denial, we must conclude that, viewed in the light most favorable to the non-moving party, the evidence and all reasonable inferences to be drawn from it point but one way, in favor of the moving party." Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1250 (10th Cir. 2005). That is, the County must demonstrate that there are "no reasonable inferences" supporting the jury's verdict. M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 761 (10th Cir. 2009). "In reviewing the record, we will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." Hysten v. Burlington N. Santa Fe Ry. Co., 530 F.3d 1260, 1269 (10th Cir. 2008) (citation and quotation marks omitted). Most importantly, we may not "substitute our judgment for that of the jury." United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1226 (10th Cir. 2000) (citation and quotation marks omitted).

In this case, we review the sufficiency of the evidence against the controlling law,

which we find to be properly stated in the district court's jury instructions.[2]  The County

raised some objections to the district court's jury instructions below, see Aplt. App. 5176-

81, 5185-88, 5211-12, 5214-15, but it acknowledged at oral argument that it has not

challenged the instructions on appeal.

A.     Equal Terms

RLUIPA forbids a government from "impos[ing] or implement[ing] a land use

regulation in a manner that treats a religious assembly or institution on less than equal

terms with a nonreligious assembly or institution."  42 U.S.C. § 2000cc(b)(1).  To prove

this claim, the district court properly instructed the jury that RMCC must establish "that

[the County] treated [RMCC] less favorably in processing, determining, and deciding the

2004 special use application of the [RMCC] than [the County] treated a similarly situated

nonreligious assembly or institution."  Aplt. App. 3084.

The County argues that RMCC did not present sufficient evidence for the jury to

find that it violated RLUIPA's equal terms provision and that, in any case, it enjoys a full

defense because its denial was rationally related to a legitimate governmental interest.

Aplt. Br. at 30-34.  Specifically, the County argues that the evidence did not show that

RMCC was similarly situated to the comparator used at trial, Dawson School.  Id. at 31-

---

[2]  Where a party has previously alerted the district court as to a legal issue that would preclude submission of the case to the jury, the sufficiency of the evidence is reviewed against the correct legal standard, notwithstanding a failure to object to a jury instruction.  See City of St. Louis v. Praprotnik, 485 U.S. 112, 119-120 (1988) (plurality op.); Fisher v. City of San Jose, 558 F.3d 1069, 1074 (9th Cir. 2009) (en banc); Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1517 (10th Cir. 1984), aff'd, 472 U.S. 585 (1985).  In this case, the jury instructions correctly stated the applicable law.

33. The County approved Dawson School's 1995 special use application for expansion within an Agricultural District. Aplt. App. 4152. The County highlights several differences between RMCC's application and the School's 1995 application. The School's expansion was half the size of RMCC's in terms of raw square footage (132,200 versus about 60,000). Id. at 4725-36, 6460. The School had proposed multiple small buildings compared to RMCC's larger structures. Id. at 4154-55, 4708. And RMCC's resulting traffic would exceed Dawson School's resulting traffic (after their respective expansions) by ten times. Id. at 4710-11.

Nonetheless, RMCC presented ample evidence of similarities between the projects at trial. Both Rosi Koopman, RMCC's expert and planning consultant, and Benjamin Herman, the County's expert, testified that the total resulting square footage of the two projects was similar (Dawson School resulted in 196,000 square feet and RMCC would have totaled 240,800). Id. at 4212, 4708, 6460. Both proposals would have expanded existing uses, both would have built gymnasiums of roughly the same size, both would have expanded their student bodies by 120 students, and both properties were located in Agricultural Districts and designated as agricultural lands of importance. Id. at 4152-56. The Dawson School and RMCC applications also proposed similarly sized "buffers" (the distance between the building and the property line). Id. at 4159. Although the two proposed expansions were not identical, the many substantial similarities allow for a reasonable jury to conclude that RMCC and Dawson School were similarly situated.

In the alternative, the County argues that RLUIPA's equal terms provision is

subject to an affirmative defense: a generally applicable law that is rationally related to a legitimate governmental interest cannot violate the equal terms provision. Aplt. Br. at 33-34.

At the first step, the County may have waived this argument by omitting it from its renewed motion for judgment as a matter of law, Aplt. App. 3155-60. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404 (2006) ("[T]he precise subject matter of a party's Rule 50(a) motion . . . cannot be appealed unless that motion is renewed pursuant to Rule 50(b)."); Kellogg v. Energy Safety Servs. Inc., 544 F.3d 1121, 1128 (10th Cir. 2008) (failure to raise a specific argument in its pre-verdict and post-verdict motions "precludes our review").

Even so, the law does not support the defense in this case. Other circuits disagree whether RLUIPA implicitly includes an affirmative defense. This debate centers around whether Congress intended to codify Free Exercise Clause jurisprudence. Compare Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1232 (11th Cir. 2004) with Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253, 269 (3rd Cir. 2007). This theory, and the County's argument, rest on a congressional floor statement by one of RLUIPA's sponsors. See Midrash Sephardi, 366 F.3d at 1231-32; Aplt. Br. at 30 ("The equal terms provision 'enforce[s] the Free Exercise Clause rule against laws that burden religion and are not neutral and generally applicable." (quoting 146 Cong. Rec. S7774-01, *S7776 (2000))).

If the equal terms provision includes an affirmative defense based on Free Exercise

Clause jurisprudence, a rational basis defense is warranted only for neutral, generally applicable laws. Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 649 (10th Cir. 2006) (citing Employment Div. v. Smith, 494 U.S. 872, 879 (1990)). By contrast, it is well-settled that rules which are discriminatorily applied are subject to strict scrutiny, not rational basis review. Axson-Flynn v. Johnson, 356 F.3d 1277, 1294 (10th Cir. 2004); see also Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 534 (1993) (holding the Free Exercise Clause "forbids subtle departures from neutrality" and the "covert suppression of particular religious beliefs" (quotations omitted)). The evidence at trial was sufficient to demonstrate the County applied the zoning ordinance non-neutrally. As noted above, the Church was treated less favorably than Dawson School, a similarly situated comparator. Further, there was evidence the County singled out the Church for adverse treatment in "processing" and "determining" its application. For example, the County applied a less advantageous method to calculate whether the Church's proposed use was over-intensive, and treated the Church's application as a new application, even though it was an existing use. Aplt. App. 4186-88. As a result, if an affirmative defense to the equal terms provision exists, only a strict scrutiny defense would apply here. The County has not argued that it should enjoy a strict scrutiny defense to the equal terms provision, and thus the argument is waived. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998). Given this waiver, we need not decide whether the equal terms provision includes an affirmative defense.

Without an affirmative defense to the equal terms provision, the County is left only

- 13 -

with its sufficiency of the evidence argument.  The district court appropriately denied the County's motion for judgment as a matter of law with respect to the equal terms claim.

### B.    Unreasonable Limitations

RLUIPA forbids a government from "impos[ing] or implement[ing] a land use regulation that–(A) totally excludes religious assemblies from a jurisdiction; or (B) unreasonably limits religious assemblies, institutions, or structures within a jurisdiction." 42 U.S.C. § 2000cc(b)(3).  The district court's instruction properly required RMCC to establish that the County's "regulation, as applied or implemented, has the effect of depriving both [RMCC] and other religious institutions or assemblies of reasonable opportunities to practice their religion, including the use and construction of structures, within Boulder County."  Aplt. App. 3090.  The jury was also properly instructed that it could "find that the land use regulation . . . imposes unreasonable limits even though religious assemblies are not totally excluded from Boulder County."  Id.

The County claims that RMCC presented "no evidence at trial of any limitations on opportunities for churches in Boulder County."  Aplt. Br. at 35.  It points to testimony by Graham Billingsley, the County's land use director, and Rosi Koopman, RMCC's expert and a previous employee of the County's land use office for twelve years, that the County had approved all other special use applications submitted by churches.  Aplt. App. 4144, 4217.  However, Ms. Koopman also testified that the County's land use scheme has made it "more difficult for churches to operate in Boulder County," id. at 4213, and has effectively left few sites for church construction, id. at 4216-22.  Another witness, Regina

- 14 -

Hyatt, testified that she approached a County commissioner about the possibility of building a synagogue but was told that the County would only allow 100 seats because "there will never be another mega church . . . in Boulder County." Id. at 4543-44. Further testimony related that another congregation ran out of money going through the County's special use application process and abandoned its building project. Id. at 4178-79.

RMCC presented evidence of its unsuccessful attempts to appease the County's concerns. Id. at 4174-75, 4204-06. The church took several steps to minimize the expansion's visual impact on the neighborhood, including hiring a surveyor to confirm that the church's proposed landscaping and berming would block all views of the expanded building from every neighboring home. Id. at 3736-40. The jury also learned of disparate treatment by the County land use staff between the Planning Commission and County Commission hearings. Typically, unless the applicant has changed its application, the County land use staff does not substantially change its report after the Planning Commission meeting, but rather adds a summary description. Id. at 4192. After RMCC's Planning Commission meeting, however, the County land use staff issued a new report with calculations based on erroneous lot sizes and building square footage and an analysis that Rosi Koopman found "embellished significantly." Id. at 4192-98. Given the timing of the report's release just before the County Commission hearing, RMCC requested a postponement and spent more time and money responding to the report. Id. at 4198-4201.

This testimony was more than adequate for a reasonable jury to find for RMCC on this claim. The jury could choose to weigh evidence of the County's land use regulation effectively excluding churches more heavily than the County's record of approving special use applications. The jury could also conclude that the County's implementation of the land use regulation was unreasonably restrictive in this case. Because sufficient evidence existed for the jury's unreasonable limitations verdict, the district court did not err when it denied the County's motion for judgment as a matter of law.

### C. Substantial Burden

Because we affirm the permanent injunction on the basis of the equal terms and unreasonable limitations verdicts, as discussed below, we need not review the sufficiency of the evidence of the substantial burden claim.

### II. Constitutional Challenges

Although the County makes various constitutional arguments on appeal, it has preserved only its challenge to the constitutionality of RLUIPA's substantial burden provision. The County consistently argued before the district court and on appeal that the substantial burden provision is unconstitutional as applied in this case and facially unconstitutional. Aplt. App. 3145-55. Therefore, the County preserved those challenges. The County waived its constitutional challenges to the equal terms and unreasonable limitations provisions, however, because its mention of those arguments in its opening brief, Aplt. Br. at 38 n.7, is too cursory and undeveloped for review. See Am. Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992).

- 16 -

Without viable challenges to the equal terms and unreasonable limitations provisions, we need not reach the County's challenges to the substantial burden provision. Generally, we "wish to avoid, when possible, deciding constitutional questions and thereby overturn legislative enactments and etch in stone rules of law beyond the reach of most democratic process." United States v. Cardenas-Alatorre, 485 F.3d 1111, 1115 n.9 (10th Cir. 2007) (citing Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 345 (1936) (Brandeis, J., concurring)). The district court based the permanent injunction on all three RLUIPA counts. Because the jury's verdicts on the equal terms and unreasonable limitations claims are sufficient to support the injunction, we do not address the constitutionality of RLUIPA's substantial burden provision. See Escambia County, Fla. v. McMillan, 466 U.S. 48, 51 (1984) (declining to reach constitutional question where the lower court's decision could be affirmed based on other grounds).

### III.    Permanent Injunction

The County claims that the district court erred in granting RMCC a permanent injunction because the injunction is inconsistent with the jury's finding of no damages and it is not narrowly tailored to remedy the harm shown. Aplt. Br. at 48-55. This court reviews a district court's grant of a permanent injunction for abuse of discretion. John Allan Co. v. Craig Allen Co., 540 F.3d 1133, 1142 (10th Cir. 2008). "A district court abuses its discretion when it issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Id. (internal quotations marks and citation omitted).

Both arguments lack merit. Although "a district court is bound both by a jury's

explicit findings of fact and those findings that are necessarily implicit in the jury's verdict," Bartee v. Michelin N. Am., Inc., 374 F.3d 906, 912-13 (10th Cir. 2004), a lack of monetary damages is not necessarily inconsistent with a permanent injunction. Equitable relief may be appropriate where a defendant is liable in part because damages are not quantifiable. See Sw. Stainless, LP v. Sappington, 582 F.3d 1176, 1191-92 (10th Cir. 2009). RMCC correctly observed that "the only proper inference that can be drawn from its damages verdict is that the Church did not adequately prove monetary damages." Aplee. Br. at 66. Nonetheless, the court fashioned a remedy in light of the jury's verdict in favor of RMCC on the RLUIPA counts. The injunction is consistent with the jury's verdict on both the RLUIPA claims and damages.

The County does not demonstrate that the injunction is so out of proportion to the harm as to constitute an abuse of discretion. The County contends that the district court did not adequately weigh the County's interests in open space, and that RMCC's expansion was far greater than necessary for growth. Of course, "an injunction must be narrowly tailored to remedy the harm shown." Garrison v. Baker Hughes Oilfield Operations, Inc., 287 F.3d 955, 962 (10th Cir. 2002). The district court's injunction included the entire special use application because otherwise RMCC would have to "substantiate its specific current needs as those needs arise," thereby requiring RMCC to plan its expansion in piecemeal fashion. Aplt. App. 3336. Such a requirement, the court reasoned, "would impose a different burden on the RMCC, and likely would cause the RMCC to be treated differently than similar secular institutions." Id. Contrary to the

County's claims, the district court plainly weighed the County's zoning interests: the court did not agree that RMCC's special use application violated the County Land Use Code, and found that RMCC's statutory right to free exercise of religion outweighed the negative impacts of expansion on the community.  Id. at 3333.  These determinations are certainly not "manifestly unreasonable."  Even without the substantial burden verdict, the verdicts in favor of RMCC on the equal terms and unreasonable limitations claims adequately support the district court's reasoning.  Therefore, we find that the scope of the permanent injunction did not constitute an abuse of discretion.

AFFIRMED.