[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12849
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cr-00406-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLTON HAMMONDS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

This criminal appeal may ultimately require us to decide whether the defendant's guilty plea was voluntary. At the outset, however, we face a preliminary and more fundamental question: whether the defendant has waived his constitutional right to appellate counsel. Because we have a duty to establish the fact of waiver from the record, and because the record leaves us unconvinced that the defendant has clearly and unequivocally waived his right to counsel, we remand this case to the District Court for determination of waiver in the first instance.

## I.

Carlton Hammonds entered into a plea agreement with the Government. In exchange for Hammonds pleading guilty to a drug conspiracy and waiving certain rights to appeal, the Government dismissed other charges that were pending against him. The District Court entered judgment pursuant to that agreement and imposed a sentence. Hammonds timely appealed the judgment, asserting that his plea was involuntary. He also indicated that he retained private counsel to represent him only through sentencing and that he was indigent. As such, he requested appointment of appellate counsel.

This Court notified both Hammonds and his trial counsel that Hammonds had failed to pay the docketing and filing sees or to seek leave (either from the District Court or from this Court) to proceed *in forma pauperis* on appeal. *See* 28

2

U.S.C. § 1915 (2018). We further notified them that unless Hammonds took either course of action within fourteen days, the Clerk would dismiss Hammonds's appeal without further notice. *See* 11th Cir. R. 41-4. Hammonds took no action, and we dismissed his appeal accordingly.

About a year and a half later, Hammonds moved to reinstate his appeal, and the Clerk granted his motion. Hammonds's counsel, who was still counsel of record, moved to withdraw as counsel by reason that he and Hammonds had agreed that counsel's representation of Hammonds would last only through sentencing. We granted both counsel's motion to withdraw and Hammonds's motion to proceed *in forma pauperis*. *United States v. Hammonds*, No. 15-12849-E, slip op. at 1 (11th Cir. Dec. 22, 2016) (single-judge order). We further indicated that the Court would *sua sponte* appoint appellate counsel for Hammonds because indigent defendants have a constitutional right to counsel on their first direct appeal and because whether Hammonds wished to proceed pro se was "not clear." *Id.* Following this December 2016 order, this Court tried to appoint appellate counsel for Hammonds. For reasons that are unclear on the record before us, however, those efforts have to date been unsuccessful.

Hammonds's frustration over the lack of movement on his case began to take hold. In January 2018, Hammonds sent this Court an inquiry on the status of his appointed counsel. And in May 2018, he sent us a self-styled "Motion to Enter

3

Decision." In the motion, he expressed frustration that the Court still had not appointed counsel and that the "failure to appoint counsel, or to enter any order setting a briefing schedule if [he] is to proceed on his own makes impossible [his] other remedies, to wit, petition for certiorari and/or Motion for collateral relief." He asked us either to appoint counsel or to affirm the judgment below so that he could seek these other remedies. We construed this filing as a motion to proceed on appeal *pro se*, which we granted. *United States v. Hammonds*, No. 15-12849-E, slip op. at 1 (11th Cir. July 12, 2018) (per curiam). The Clerk set a briefing schedule, and the parties briefed the case.

Hammonds's frustration with the lack of appointed counsel has not dissipated. In his initial brief to this Court, he writes—in the very first sentence— "As a preliminary matter, [Hammonds] respectfully reminds the Court that the constitutional right to counsel on direct appeal has been violated in this matter." Hammonds then recaps the full procedural history of his case before asking us to "adjudicate the issues presented while he awaits this Court's decision so he can raise his ineffective assistance claims under 28 U.S.C. § 2255."

## II.

The first question we face is whether we can permit Hammonds to proceed *pro se* on this record. The Sixth Amendment guarantees a criminally accused

4

person "the assistance of counsel for his defense." U.S. Const. amend. VI.[1]  Like other constitutional guarantees, this guarantee is waivable. *See Faretta v. California*, 422 U.S. 806, 833, 95 S. Ct. 2525, 2540 (1975) ("The value of state-appointed counsel was not unappreciated by the Founders, yet the notion of compulsory counsel was utterly foreign to them." (footnote omitted)).  "While the right to counsel is in force until waived," however, "the right of self-representation does not attach until asserted.  In order for a defendant to represent himself, he must 'knowingly and intelligently' forego counsel, and the request must be 'clear and unequivocal.'" *Gill v. Mecusker*, 633 F.3d 1272, 1294 (11th Cir. 2011) (quoting *Brown v. Wainwright*, 665 F.2d 607, 610 (Former 5th Cir. 1982) (en banc)).  The waiver of the right to counsel thus invokes the right to self-representation, as a defendant must exercise one of the two rights.

## A.

This case is easy: Hammonds has not made a "clear and unequivocal" request to waive his right to appellate counsel and to proceed *pro se*.

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), we held that the defendant did not clearly and unequivocally waive his right to counsel, despite having filed a "motion 'to dismiss appointed counsel and allow the defendant to

---

[1] Moreover, "an indigent criminal defendant must be appointed counsel on appeal if that appeal is allowed as a matter of right." *Dankert v. Wharton*, 733 F.2d 1537, 1538 (11th Cir. 1984) (per curiam).

represent himself pro *se* [*sic*].'"  *Id.* at 1295 (citation omitted).  The motion followed closely on the heels of the trial court's denial of his request to remove counsel and to substitute new counsel.  *Id.*  In the motion, moreover, he "indicated a breakdown in communications" with his appointed counsel and "requested that the trial court dismiss [the appointed counsel] 'so that [he] could proceed with the necessary preparations needed to defend his case.'"  *Id.* (citation omitted).  We held that "[e]ven standing alone . . . [the defendant's] written request to 'proceed with the necessary preparations' [was] far from a clear statement of [his] desire or intent to proceed without counsel."  *Id.* (citation omitted).

Like the *Gill* defendant, Hammonds suffered a breakdown in communication—not with his appointed counsel but worse, with this Court.  Indeed, he desired appellate counsel from the get-go and communicated interest in proceeding *pro se* only after a year and a half of waiting for the Court to appoint counsel.  Even now, before he asks us to "adjudicate the issues presented," he reminds us that his "constitutional right to counsel on direct appeal has been violated."  Also like the *Gill* defendant, Hammonds's plea that we "adjudicate the issues presented . . . so he can raise his ineffective assistance claims under 28 U.S.C. § 2255" sounds more like a desperate desire to keep his case moving than a desire to waive his right to counsel.

6

Because Hammonds has taken inconsistent positions earlier in this case—let alone in the very brief before us now—we cannot conclude from the record that he has waived his right to appellate counsel. *Cf. United States v. Garey*, 540 F.3d 1253, 1267 (11th Cir. 2008) (en banc) (indicating that when a defendant has validly waived his right to counsel, "the record will establish that he knows what he is doing and his choice is made with eyes open." (quoting *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541)).[2]

## B.

We face the question of where to go from here. We could, to be sure, simply appoint counsel given the inconsistent positions that Hammonds has taken in this appeal. After all, under *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 120 S. Ct. 684 (2000), Hammonds has no "constitutional right to self-representation on direct appeal from a criminal

---

[2] As already explained, we previously held that Hammonds waived his right to appellate counsel, and one issue is whether the law-of-the-case doctrine bars our holding today. Under the doctrine, "an appellate decision binds all subsequent proceedings in the same case." *In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016) (per curiam) (quoting *In re Lambrix*, 776 F.3d 789, 793 (11th Cir. 2015) (per curiam)). The doctrine is "not absolute," however, *id.* at 1341, and one exception lies when "the prior appellate decision was clearly erroneous and would work manifest injustice," *id.* (quoting *In re Lambrix*, 776 F.3d at 793–94).

This exception applies here, but even if it did not, our disposition would be the same. If Hammonds once waived the right to appellate counsel, and thus invoked the right to proceed *pro se*, he has for the moment waived the right to proceed *pro se* by reminding the Court that his "constitutional right to counsel on direct appeal has been violated." *Cf. Brown*, 665 F.2d at 611 ("Even if [a] defendant requests to represent himself, . . . the right may be waived through [the] defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether.").

7

conviction." *Id.* at 163, 120 S. Ct. at 692. But the Supreme Court has instructed us that important benefits flow from allowing a defendant to proceed *pro se*. *See Iowa v. Tovar*, 541 U.S. 77, 93, 124 S. Ct. 1379, 1390 (2004) (warning that a defendant's "vain hope" in the benefits of counsel can impede the "prompt disposition of the case" and waste the "resources of either the State (if the defendant is indigent) or the defendant himself (if he is financially ineligible for appointed counsel)").

For this reason, we remand Hammonds's case to the District Court to determine waiver in the first instance. If the District Court concludes that Hammonds has not waived his right to appellate counsel, this Court will appoint counsel. If the District Court concludes that Hammonds has waived his right, however, we will be required to decide whether the record compiled by the Court establishes that the waiver was "knowing, intelligent, and voluntary." *See Fant*, 890 F.2d at 409.

To aid that inquiry, we would normally provide the District Court with instructions so that it can create an adequate record for review. But this Court has never delineated what is constitutionally required for knowing, voluntary, and intelligent waiver of *appellate* counsel.[3]

---

[3] To our knowledge, no circuit has addressed this question outside the context of a collateral attack. *See Jean-Paul v. Douma*, 809 F.3d 354, 356, 359–60 (7th Cir. 2015) (Sykes, J.) (upholding under 28 U.S.C. § 2254 a state court's legal conclusion of what the Constitution

The starting point for defining that standard is *Tovar*, in which a state supreme court held that before a court can accept a guilty plea, the Sixth Amendment requires that the defendant "be advised of the usefulness of an attorney and the dangers of self-representation." *Tovar*, 541 U.S. at 86, 124 S. Ct. at 1386. The Supreme Court reversed, holding that "[t]he information a defendant must possess in order to make an intelligent election depends on a range of case-specific factors, including his education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Id.* at 88, 124 S. Ct. at 1387. As to the last factor, the "type of warnings and procedures" that are required to accept a waiver turns on "what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance counsel could provide to an accused at that stage." *Id.* at 90, 124 S. Ct. at 1388 (alteration omitted) (quoting *Patterson v. Illinois*, 487 U.S. 285, 298, 108 S. Ct. 2389, 2389 (1988)). The warnings to a defendant who proceeds *pro se* at trial "must be 'rigorously' conveyed," *id.* at 89, 124 S. Ct. at 1388 (alteration omitted) (quoting *Patterson*, 487 U.S. at 298, 108 S. Ct. at 2398), because a trial advocate must "adhere to the rules of procedure and evidence, comprehend the subtleties of *voir*

---

requires to waive the right to appellate counsel); *Speights v. Frank*, 361 F.3d 962, 965 (7th Cir. 2004) (Easterbrook, J.) (same). The deferential standard of review under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, limits the value of these cases for our inquiry into the scope of the waiver requirement. *See* 28 U.S.C. § 2254(d) (2018).

*dire*, examine and cross-examine witnesses effectively, object to improper prosecution questions, and [do] much more, *id.* (alteration omitted) (quoting *Patterson*, 487 U.S. at 299 n.13, 108 S. Ct. at 2398 n.13). But the warnings to a defendant at earlier points in the criminal process may be "less searching or formal." *Id.*

How *Tovar* applies to waiver of the right to appellate counsel is not a question we must address unless the District Court determines that Hammonds wishes to invoke his right to self-representation. Nor should we, as a determination that he does not waive his right to counsel would obviate a constitutional inquiry. *Cf. Escambia County v. McMillan*, 466 U.S. 48, 51, 104 S. Ct. 1577, 1579 (1984) (per curiam) ("It is a well established principle governing the prudent exercise of this Court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.").

## III.

For these reasons, we **REMAND** this case to the District Court to determine whether Hammonds intends to waive his right to appellate counsel.

10